IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KAYLA WILLIAMS,<br>    Plaintiff,<br><br>    v.<br><br>THE PENNSYLVANIA STATE UNIVERSITY; KAREN FELDBAUM, in her official and individual capacity; BRENDAN PRAWDZIK, in his individual capacity; and MICHELLE YARWOOD, in her individual capacity,<br>    Defendants. | :<br>:<br>:   No. 4:20-cv-00298<br>:<br>:   (Hon. Brann)<br>:<br>:   Electronically Filed<br>:<br>:<br>:<br>:<br>:<br>: |

**Defendants' Brief in Opposition to
Plaintiff's Motion for Leave to File an Amended Complaint**

Defendants The Pennsylvania State University, Karen Feldbaum, Brendan Prawdzik, and Michelle Yarwood (collectively "Defendants"), by and through their undersigned counsel, submit this brief in opposition to Plaintiff Kayla Williams' Motion for Leave to File an Amended Complaint ("Motion to Amend"). (Doc. 15.)

**I.    Relevant Procedural History.**

On March 23, 2020, Defendants timely filed their Motion to Dismiss Plaintiff's Complaint in its entirety for failure to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6). (Doc. 11.) Consistent with the

1

Local Rules, Defendants then timely filed their Brief in Support of their Motion to Dismiss on April 6, 2020.  (Doc. 14.)

Williams' deadline to file an amended complaint "as a matter of course" was April 13, 2020, which was 21 days after Defendants filed their 12(b)(6) Motion to Dismiss.  *See* Fed. R. Civ. P. 15(a)(1)(B) (providing "[a] party may amend its pleading once as a matter of course within . . . 21 days after service of a motion under Rule 12(b)").  Williams did not timely file an amended complaint.

On April 15, 2020, Williams filed a contested Motion to Amend, seeking leave to file an amendment complaint "as a matter of course" under Fed. R. Civ. P. 15(a)(1)(B), and noting it was her desire to amend her pleading instead of filing a brief in opposition to Defendants' Motion to Dismiss.  (*See* Doc. 15, ¶¶ 4-6).  Then without expressly withdrawing her contested Motion to Amend, on April 20, 2020, Williams filed a Notice of Intent, stating she "has chosen to respond to Defendant's [sic] motion [to dismiss] by filing an amended complaint as a matter of right under Fed. R. Civ. P. 15(a)(1)(B)" within 21 days of April 6, 2020.[1]  (Doc.

---

[1]  Williams has not timely filed a brief in opposition to Defendants' Motion to Dismiss, which was due on April 20th.  Williams also has indicated she does not intend to file a brief in support of her contested Motion to Amend, which would be due by April 29, 2020.  (*See* Doc. 16 at p. 2).  In accordance with Local Rule 7.5, Williams' failure to file a brief in support of her contested Motion will result in its automatic withdrawal. *See Bergdoll v. City of York*, No. 1:08-CV-1879, 2009 WL 1351015, at *2 (M.D. Pa. May 12, 2009) (plaintiff's motion to amend/correct complaint was withdrawn and denied without prejudice for failure to comply with Local Rule 7.5).  Williams has effectively withdrawn her Motion to Amend and

16 at 2.)

**II.     Argument.**

The Court should deny the Motion to Amend and order that Williams is not permitted to file an amended complaint "as a matter of right" as set forth in her Notice of Intent. (Doc. 15, 16.)

Williams cannot avail herself of an amendment "as a matter of course" because the amendment is untimely. Moreover, and perhaps most importantly, Williams has failed to demonstrate that the Court should grant leave under Rule 15(a)(2) because "justice so requires" an amendment. Defendants have expended significant time and resources on their Motion to Dismiss and briefing, and justice requires a ruling on same. Finally, the Court cannot determine whether amendment is warranted here, because in violation of Local Rule 15.1, Williams has neglected to attach to her Motion the proposed amended pleading for consideration by the Court.[2]

---

has instead "chosen" to unilaterally proceed with filing an amended complaint without leave of this Court. In an abundance of caution, and to notify the Court of Defendants' position that the Federal Rules do not permit Williams to file an amended complaint without leave, Defendants are filing this brief in opposition to the Motion to Amend earlier than they otherwise might.

[2]     Defendants similarly have not had an opportunity to review the speculative amended pleading, and reserve the right to further object to the substance (as opposed to the improper process raised herein) of any submitted proposed amendment.

Federal Rule of Civil Procedure 15(a)(1)(B) permits a plaintiff to amend her complaint "once as a matter of course within . . . 21 days after service of a motion under Rule 12(b)." Here, Defendants filed their Motion to Dismiss the Complaint on March 23, 2020 and, in accordance with the Federal Rules, Williams' deadline to file an amended complaint was April 13, 2020.

Having missed the April 13th deadline to amend "once as a matter of course", Williams is moving the Court to adopt a (nonexistent) hybrid of Fed. R. Civ. P. 15(a)(1)(B) and Local Rule 7.5; specifically, that "Plaintiff will have 21 days after being put on notice of Defendants' reasoning for seeking dismissal in order to file an amended complaint as a matter of course."[3] (Doc. 15 at ¶ 7.) Relying upon this unilateral interpretation of the rules, Williams seeks affirmation from the Court that her deadline to amend the Complaint "as a matter of course" is April 27th, not April 13th. (*See* Doc. 15 at ¶ 8.)

Williams initially provided no legal authority for this interpretation, which seeks to improperly enlarge her discretionary amendment period provided for in

---

[3] Williams articulates no reason why she could not have amended her Complaint by April 13th. Defendants filed a 12(b)(6) motion on March 23, 2020. (Doc. 11) As is common knowledge of all members of the bar, Rule 12(b)(6) motions test the sufficiency of the complaint. It requires no stretch of the imagination to anticipate that Defendants' brief in support of the Rule 12(b)(6) Motion would assert that Williams did not plead every element of the nine causes of action she asserts against Defendants. What is more, Defendants timely filed their Brief in Support on April 6th – giving Williams a full week before her April 13th amendment "as a matter of course" deadline to carefully review and consider the arguments briefed by Defendants.

the Federal Rules of Civil Procedure, and is in direct contradiction to the unambiguous wording of Rule 15(a)(1)(B).  Williams filed a Notice of Intent five days after her contested Motion to Amend, citing *Stiles v. Chesapeake Appalachia, LLC*, No. 3:10-CV-2453, 2011 WL 13243761 (M.D. Pa. July 29, 2011) in support of her speculative position that the Motion to Amend "perhaps should have been labeled as a motion to clarify" and, without expressly withdrawing it, suggesting that "the motion [to amend] was likely unnecessary."  (Doc. 16 at ¶¶ 1-2.)

While Defendants acknowledge the existence of the nine-year-old, unreported *Stiles* opinion that would seem to support Williams' interpretation, there is more recent and more persuasive authority in this judicial district that Williams fails to cite.  In both of these cases, the Court confirmed that the triggering event for calculating the time in which a plaintiff has to amend the complaint once "as a matter of course" was the filing of a 12(b) motion, not the subsequent filing of the brief in support thereof.  *See Hazzouri v. W. Pittston Borough, Luzerne Cty., Pennsylvania*, No. 3:18-CV-1982, 2019 WL 194368, *2 (M.D. Pa. Jan. 15, 2019); *Hagerman v. Anadarko E & P Co., LP*, No. 4:12-CV-0919, 2012 WL 6138479, *5 (M.D. Pa. Nov. 15, 2012), *report and recommendation adopted*, No. 4:12-CV-919, 2012 WL 6138482 (M.D. Pa. Dec. 11, 2012).

In *Hazzouri*, the court dismissed the plaintiff's amended complaint as untimely filed under Fed. R. Civ. P. 15(a)(1)(B), where in lieu of a responsive brief, the plaintiff filed an amended complaint 23 days after the defendants filed their Rule 12(b)(6) motion to dismiss. *Hazzouri*, 2019 WL 194368, at *2-3. In *Hagerman*, the Court instructed the plaintiffs to file a motion for leave to file an amended complaint, a brief in support thereof, and their proposed amended pleading after it found that the "[p]laintiffs' ability to amend their original Complaint . . . once as a matter of course sans a motion[] lapsed since it is now well more than 21 days after [defendant] filed its Rule 12(b)(6) Motion to Dismiss." *Hagerman*, 2012 WL 6138479, at *5. Much like *Hazzouri*, Williams missed her opportunity to amend as a matter of course when she neglected to timely file an amended complaint in accordance with Fed. R. Civ. P. 15(a)(1)(B). On this basis alone, the Court should deny Williams' Motion to Amend (Doc. 15), and order that Williams' is not permitted to file an amended complaint "as a matter of right" as set forth in her Notice of Intent (Doc. 16).

The only procedural avenue now available to Williams is leave of Court pursuant to Fed. R. Civ. P. 15(a)(2). This Rule provides that the court should freely give leave to amend a pleading "when justice so requires." However, "if the proposed change clearly is frivolous or advances a claim or defense that is legally insufficient on its face, the court may deny leave to amend." *Ross v. Jolly*, 151

F.R.D. 562, 565 (E.D. Pa. 1993) (denying plaintiff's leave to amend) (citing 6 Wright, Miller & Kane, Federal Practice & Procedure: Civil 2d § 1487).  Notably, Williams does not invoke Rule 15(a)(2) in her Motion to Amend, which should be dispositive and require denial of Williams' motion.  Even if the Court considered Williams' request under 15(a)(2), it would fail.

Local Rule 15.1 requires that a plaintiff provide both the proposed amended pleading and a redline copy of the original pleading that identifies the proposed changes.  Williams has not done so.  This is fatal to a motion for leave to amend pursuant Rule 15(a)(2).  Williams cannot establish that "justice so requires" the Court grant her leave to amend the Complaint without appending the proposed amended complaint to her Motion and seeing the proposed changes. Williams has provided the Court with no basis to evaluate whether the material Williams seeks to add is substantive or futile, and whether the proposed amendments will advance claims that are legally sufficient on their face or cure defects in the original Complaint.  On the papers submitted, Williams should not now be permitted leave to amend under Rule 15(a)(2) after sleeping on her right to amend her Complaint "as a matter of course" under Rule 15(a)(1)(B).

For the reasons set forth above, Defendants respectfully request that the Court deny Williams' Motion for Leave to File Amended Complaint (Doc. 15), and find that she is not permitted to file an amended complaint as a matter of

course as set forth in her Notice of Intent (Doc. 16). The Court should rule on Defendants' pending Motion to Dismiss.

                                              Respectfully submitted,

Dated: April 24, 2020               */s/ James A. Keller*
                                              James A. Keller, Esq. (78955)
                                              Andrea P. Brockway, Esq. (208901)
                                              (admitted *pro hac vice*)
                                              SAUL EWING ARNSTEIN & LEHR LLP
                                              Centre Square West
                                              1500 Market Street, 38th Floor
                                              Philadelphia, PA 19102-2186
                                              Phone: (215) 972-1964
                                              James.Keller@saul.com
                                              Andrea.Brockway@saul.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on the date set forth below, I caused a true and correct copy of the foregoing *Brief* to be served upon the following via the Court's ECF system:

> Mart Harris, Esquire
> Nelson Berardinelli, Esquire
> The Trial Law Firm, LLC
> 428 Forbes Avenue, Suite 1700
> Pittsburgh, PA 15219
> *Counsel for Plaintiff*

Dated:  April 24, 2020                         */s/ James A. Keller*
                                                                James A. Keller